**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:20-CV-00041-LLK**

**KANDY L. BIGGERSTAFF**                                                                      **PLAINTIFF**

**v.**

**ANDREW SAUL, Acting Commissioner of Social Security**                **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Docket Number ("DN") 16 and 19. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 9].

Plaintiff argues that her mental impairments satisfy the Listing and her mental residual functional capacity ("RFC") is more limited than found by the Administrative Law Judge ("ALJ"). Because the arguments are unpersuasive and the ALJ's decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Background facts and procedural history**

In October 2015, Plaintiff made what was at least her third suicide attempt by overdosing. [DN 8-2 at 44; DN 8-10 at 859[1]].

On November 16, 2015, Plaintiff's 20-year-old son committed suicide. *Id.* at 15, 51. Plaintiff blamed herself because she thinks she "showed him the way." [DN 8-10 at 829].

On December 8, 2015, the prior ALJ issued the Commissioner's prior final decision denying Plaintiff's disability claim. [DN 8-2 at 18].

---

[1] Pages references are to the administrative record denominated as such by the Commissioner, which is the number appearing at the bottom of each page of the administrative transcript.

In January 2017, Plaintiff filed a new disability claim alleging she became disabled on December 9, 2015. *Id.*

In December 2018, the ALJ issued the Commissioner's final decision (presently before the Court on judicial review) denying Plaintiff's claim. *Id.* at 25. The ALJ denied Plaintiff's request to amend her disability onset date to November 16, 2015, the date of her son's suicide. *Id.* at 15.[2]

The ALJ found that, notwithstanding her bipolar disorder, anxiety disorder, and major depressive disorder, Plaintiff has a mental residual functional capacity ("RFC") to "perform simple, routine tasks … in a work environment free of any past-paced production requirements … can make simple, work-related decisions with few, if any, workplace changes [but] … cannot tolerate any interaction with the public and can tolerate occasional interaction with coworkers and supervisors." *Id.* at 18, 20-21.

## Discussion

Plaintiff makes two arguments. First, she argues that the ALJ erred in finding that her mental impairments do not satisfy the clinical criteria of Listings 12.04 and 12.06 of Appendix 1 of the regulations, [DN 8-2 at 19], in light of her "psychological treatment records and the psychological consultative examination report of Annette Freel, M.S." [DN 16 at 2].

Plaintiff's reliance on her psychological treatment records is unpersuasive because she identifies no opinion from a treating source (or otherwise) that her mental impairments satisfy the Listing. In June 2017, the Commissioner's program psychiatrist, Alex Guerrero, M.D., opined Plaintiff's mental impairments do <u>not</u> satisfy the Listing. [DN 8-2 at 129]. At best (in terms of advancing Plaintiff's argument), the treatment records reflect situational grief, which does not necessarily satisfy the 12-month duration requirement. *See* 42 U.S.C. § 423(d)(1)(A) (To be disabling, an impairment must have "lasted or can be expected to last for a continuous period of not less than 12 months."). Additionally, neither

---

[2] The request to amend was tantamount to a request to reopen the prior claim. An ALJ's decision not to reopen a prior final decision is unreviewable by this Court absent a colorable constitutional claim. *Newhouse v. Comm'r of Soc. Sec.*, 771 F. App'x 602, 605 (6th Cir. 2019) (citing *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977)).

Plaintiff nor this Court is "qualified to interpret raw medical data [in the treatment records] in functional terms" – much less for purposes of determining whether the Listing is satisfied. *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 726 (6th Cir. 2013); *see also Lee v. Comm'r*, 529 F. App'x 706, 713 (6th Cir. 2013) ("The mere diagnosis of [an impairment] ... says nothing about the severity of the condition.").

Plaintiff's reliance on Ms. Freel's report is unpersuasive because Ms. Freel did not specifically opine that Plaintiff's mental impairments satisfy the Listing.[3] [DN 8-10 at 859-63]. Additionally, Ms. Freel examined Plaintiff in April 2015 (in connection with Plaintiff's prior claim), before Plaintiff's alleged onset of disability on December 9, 2015. *See Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 687 (6th Cir. 1992) (An ALJ is "not required to consider" a treating physician's report that was "submitted along with plaintiff's earlier application for benefits.").

Second, Plaintiff argues that the ALJ's mental RFC findings, [DN 8-2 at 20-21], are not supported by substantial evidence in light of her psychological treatment records and Ms. Freel's report. [DN 16 at 6].

Plaintiff's reliance on her psychological treatment records is unpersuasive because Plaintiff identifies no opinion from a treating source that her mental limitations are greater than found by the ALJ. At best, the treatment records reflect situational grief, which does not necessarily satisfy the 12-month duration requirement. Plaintiff's reliance on Ms. Freel's report is unpersuasive because Ms. Freel examined Plaintiff in April 2015, before Plaintiff's December 9, 2015 alleged onset of disability date. [DN 8-10 at 859-63]. In March 2017, certified psychologist Ollie C. Dennis, Ed.D., examined Plaintiff at the request of the Commissioner, and the ALJ found that Dr. Dennis' findings (though they reflect an

---

[3] According to Ms. Freel, Plaintiff is "markedly" limited in her abilities to: 1) understand, remember and carry out instruction toward performance of a simple repetitive task; 2) tolerate stress and pressure from day-to-day employment, 3) sustain attention, concentration and persistence towards performance of a simple repetitive task, and 4) respond appropriately to supervision and co-workers in a work setting. [DN 8-10 at 862].

underestimate of Plaintiff's limitations) support the ALJ's mental RFC findings.  [DN 8-2 at 23; DN 8-8 at 636-41].

## Order

Because Plaintiff's arguments are unpersuasive and the ALJ's decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

November 13, 2020

Lanny King, Magistrate Judge
United States District Court